ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY WALLS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 09-2112-JAR |
| | ) |
| MIRACORP, INC. d/b/a/ NATIONAL TRUCK AND TRAILER SERVICES, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 71), and defendants' Motion to File Reply Out of Time (Doc. 73). The motion to strike has been fully briefed and raises the same issue as the motion to file the reply out of time.

Defendants filed their Motion for Summary Judgment on July 2, 2010 (Doc. 60) and plaintiff timely responded on July 22, 2010 (Doc. 66). Defendants filed a reply brief on August 12, 2010, 21 days after the response was filed. Plaintiff asks that the reply be stricken as untimely, as the reply deadline is 14 days after service of the response. Defendants respond that the Court should find excusable neglect and allow the untimely-filed reply because counsel relied upon the 23-day reply deadline set forth in a previous version of the local rules for this District.

Under D. Kan. Rule 6.1(a):

> All motions for an extension of time to perform an act required or

> allowed to be done within a specified time must show:
> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension.
> Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[1] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[2] Perhaps the single most important factor in determining whether neglect is excusable is fault in the delay.[3] Whether the moving party's underlying claim is meritorious should also be taken into consideration.[4] Further, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[2] *Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

[3] *Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[4] *Id.* at 857 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

2

mistake."[5] "'[A] mistake . . . could occur in any [attorney's] office, no matter how well run.'"[6]

Taking into account all of these factors, the Court finds no showing of any prejudice to defendants from the delay. The length of the delay is approximately one week, however, there is no indication that it will disrupt the judicial proceedings, as trial is not set until March 2011. The Court finds no suggestion that defendants acted in bad faith. The reason for the delay, however, weighs heavily against defendants. As previously noted, the Tenth Circuit has found that "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[7] Defendants' reason for failing to file a timely reply to the summary judgment motion is counsel's mistake in construing the rules; specifically, counsel admits that he was unaware that the local rules governing response and reply deadlines were amended, effective March 17, 2010. "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for the purposes of Rule 6(b)."[8]

The prior version of D. Kan. Rule 6.1(d) provided a deadline for reply briefs on dispositive motions 23 days after service of the response. The amended rule now provides a 14-day deadline. Counsel for defendants contends that he relied on the prior version of the rule, published in West's Kansas Court Rules and Procedure 2010 edition. Counsel attaches to his motion the cover page and page 316, containing the old rule, and suggests that his reliance on

---

[5]*Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[6]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

[7]*City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[8]*Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

this publication should constitute excusable neglect. Interestingly, the cover of the volume states "SEE PREFACE FOR CURRENTNESS INFORMATION," yet counsel fails to provide the preface in his exhibit.[9] The preface states: "This edition of the *Kansas Court Rules and Procedure, Volume II—Federal, 2010*, replaces the 2009 edition and accompanying supplement. It provides in convenient form the current text of the court rules governing federal practice in Kansas, with amendments received through October 1, 2009."[10] In January 2010, West issued a supplement to this volume, to be affixed to the inside back cover of the main volume. The supplement's preface states: "This Supplement contains amendments received through January 1, 2010." This supplement contains the rule amendments that became effective on March 17, 2010. It appears that counsel either did not receive this supplement, or failed to check the supplement when advising himself of the operative rule.

It is counsel's responsibility to keep current on the Court's local rules. The most current local rules are provided, free of charge, on the Court's website and were provided in the West Supplement. The rules were amended over three months prior to their effective date, providing ample time for the bar to adjust to the new deadlines, a longer period of adjustment than the effective date of the Federal Rules, which was December 1, 2009. This is the quintessential example of an attorney who is simply ignorant of the rules applicable to him, a circumstance that does not constitute excusable neglect. Counsel's reliance on an outdated West publication, rather that the Court's published local rules, does not change the excusable neglect analysis.

The Court notes in conclusion that its interest in judicial economy does not dictate a

---

[9](Doc. 72, Ex. A.; Doc. 74, Ex. A.)

[10]2 Kansas Court Rules and Procedure at III (West 2010).

contrary result. Here, the summary judgment motion was filed and responded to. Plaintiff did not set forth a statement of additional facts, so the lack of reply does not allow the Court to deem any factual contentions by plaintiff as uncontroverted. The Court finds that the issues before it are sufficiently briefed to allow it to render a decision. Accordingly, defendants' motion for leave to file the reply out of time is denied and plaintiff's motion to strike the reply is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 71) is **granted** and defendants' Motion to File Reply Out of Time (Doc. 73) is **denied**.

**IT IS SO ORDERED**.

Dated: August 19, 2010

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE