ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY WALLS, )<br>)<br>**Plaintiff,** )<br>)<br>)<br>vs. )<br>)<br>MIRACORP, INC. d/b/a/ NATIONAL )<br>TRUCK AND TRAILER SERVICES, )<br>et al., )<br>)<br>**Defendants.** )<br>) | Case No. 09-2112-JAR |

## MEMORANDUM AND ORDER

Plaintiff filed this action alleging discrimination on the basis of sex under Title VII of the Civil Rights Act and state law claims for retaliatory discharge and battery. This matter is before the Court on defendants MiraCorp, Inc. and Lane Goebel's Motion for Summary Judgment (Doc. 60), which primarily argues that MiraCorp, Inc. ("MiraCorp") is not an "employer" under Title VII. Plaintiff has responded to the motion and the Court is prepared to rule.[1] As described more fully below, defendants' motion for summary judgment is denied.

### I.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[2] In applying this standard, the court views the evidence and all reasonable inferences therefrom in

---

[1] The Court previously granted plaintiff's motion to strike defendants' Reply, as it was filed out of time (Doc. 75).

[2] Fed. R. Civ. P. 56(a).

the light most favorable to the nonmoving party.[3] "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[4] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[5] An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[6]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[7] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[8]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[9] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[10] Rather, the nonmoving party must

---

[3]*City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[4]*Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[5]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998)).

[6]*Adler,* 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[7]*Spaulding,* 279 F.3d at 904 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[8]*Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler,* 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[9]*Anderson,* 477 U.S. at 256; *Celotex,* 477 U.S. at 324; *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

[10]*Anderson,* 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir. 2001).

"set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[11]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[12]  In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[13]  When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[14]

## II.    Discussion

Defendants move for summary judgment on the following bases: (1) MiraCorp was not an "employer" under Title VII and is therefore not subject to the jurisdictional requirement of 42 U.S.C. § 2000e; (2) plaintiff is not an "employee" under Title VII and therefore cannot make out a prima facie case of discrimination under 42 U.S.C. § 2000e; and (3) the Court should decline to exercise supplemental jurisdiction over the state law claims.  Defendants' second and third issues hinge on the success of their first issue.

Under 42 U.S.C. § 2000e(b), an "employer" "means a person engaged in an industry

---

[11]*Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1197-98 (10th Cir.2000) (quoting *Adler,* 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[12]*Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[13]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

[14]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

3

affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." Defendants are mistaken that this requirement is jurisdictional. Whether MiraCorp is an "employer" under Title VII is an element of plaintiff's claim for relief, not a jurisdictional issue.[15] The Supreme Court discussed the standard applicable in determining the fifteen-employee threshold in *Walters v. Metropolitan Educations Enterprises, Inc.*[16]

> As we have described, in determining the existence of an employment relationship, petitioners look first and primarily to whether the individual in question appears on the employer's payroll. Metropolitan did not challenge this aspect of petitioners' approach; its objection was the more basic one that existence of an employment relationship was not the criterion. For their part, petitioners emphasize that what is ultimately critical under their method is the existence of an employment relationship, not appearance on the payroll; an individual who appears on the payroll but is not an "employee" under traditional principles of agency law, *see, e.g., Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-324, 112 S.Ct. 1344, 1348-1349, 117 L.Ed.2d 581 (1992), would not count toward the 15-employee minimum. We agree with petitioners that the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question.[17]

In applying the payroll rule, the Court explained, "[u]nder the interpretation we adopt . . . all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working

---

[15] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504, 516 (2006).

[16] 519 U.S. 202 (1997).

[17] *Id.* at 211–12.

day after arrival and before departure."[18]

The uncontroverted facts are that plaintiff was hired by MiraCorp on August 6, 2007 and was terminated on August 7, 2008. During the year 2006, it is uncontroverted that MiraCorp employed ten employees. The parties dispute whether MiraCorp employed fifteen or more employees for each working day in each of twenty or more calendar weeks in 2007 and/or 2008. Defendants' evidence consists of the affidavit of Linda Goebel, owner and office manager and controller of MiraCorp. She is primarily responsible for managing the employees and payroll for MiraCorp. Her affidavit sets forth the dates of hire and termination for employees between January 4, 2007 and August 7, 2008. According to her affidavit, MiraCorp employed fifteen or more employees between February 8, 2008 and March 31, 2008 and on August 6 and 7, 2008. During all other relevant times, Linda Goebel attests that MiraCorp employed fewer than fifteen employees. This evidence is sufficient for defendants to meet their summary judgment burden of showing the absence of a genuine issue of material fact that Miracorp does not meet the statutory definition of employer.

The burden now shifts to plaintiff to set forth specific facts showing there is a genuine issue for trial. Plaintiff submits the payroll records for MiraCorp for 2007 and 2008 and argues that, under the payroll rule, Miracorp constitutes an "employer" under Title VII.

The payroll records show that MiraCorp paid its employees bi-weekly. The payroll record for each pay period includes the names of all employees on the payroll for that pay period, as well all employees previously employed during that calendar year. Each name is followed by two columns of information: compensation and withholding information for that pay

---

[18]*Id.* at 211.

period, and for the year to-date.

Plaintiff was hired on August 6, 2007. Fifteen employees are listed on the payroll records for the August and September 2007 pay periods, including plaintiff. Yet one employee, Melissa Gulotta, was not paid during those pay periods. The records reflect that she received a salary of $770 for the year to-date. This is the same amount shown on her W-2 for 2007 as the total wages paid for the year. Gulotta appears on the remaining payroll records for the 2007 calendar year, despite the fact that she was not paid for those pay periods.

Plaintiff suggests that the mere listing of a name on the payroll record should be sufficient under the payroll rule. But that is not the rule. The Supreme Court has made clear that a name that appears on the payroll should not count toward the fifteen-employee threshold if that person is not an "employee" under traditional principles of agency law. Gulotta does not appear "on the payroll" for these dates. While there is no evidence in the record on the specific dates that Gulotta's employment started and ended (Linda Goebel's affidavit does not mention this employee), it is evident that Gulotta's employment with MiraCorp ended prior to plaintiff's hire date on August 6, 2007. Her appearance on the payroll records was by virtue of her previous employment earlier in the calendar year because her entire yearly compensation and withholding information is listed in the year to-date column.

Linda Goebel's affidavit also fails to mention Amy Goebel, who was paid during this pay period and was issued a W-2 for 2007. Viewing the evidence in the light most favorable to plaintiff, Amy Goebel should be counted as an employee under the payroll rule, as it is evident that she was employed by MiraCorp during these pay periods. Therefore, for the August and September pay periods (four weeks), plaintiff's evidence suggests MiraCorp employed fourteen

6

employees, rather than the thirteen suggested by defendants' evidence. Either way, there is no genuine issue of material fact that MiraCorp employed fewer than fifteen employees for these weeks.

Linda Goebel's affidavit shows that MiraCorp hired Anthony Dimitt on September 24, 2007, which is reflected in the payroll records for October through December. Viewing the facts in the light most favorable to plaintiff, the Court also counts Amy Goebel as an employee during these months. Plaintiff's evidence suggests that MiraCorp employed fifteen employees for these weeks (twelve weeks). Therefore, when viewed in the light most favorable to plaintiff, the evidence shows that defendant employed fifteen or more employees for only twelve weeks in 2007.

Linda Goebel states in her affidavit that Dimitt was separated from employment on December 28, 2007, yet, he is listed on the payroll though the January 30, 2008 pay period. Therefore, there is a genuine issue of material fact about whether he continued to be an "employee" through January 30, 2008. Even including Dimitt, the January 16, 2008 pay period shows MiraCorp employed only fourteen employees. The payroll records for February 13, 2008 and beyond reflect no pay for Anthony Dimitt even though his name is listed on all 2008 payroll records, and support Linda Goebel's statement in her affidavit that he separated from his employment.

The January 30, 2008 pay period shows MiraCorp employed fifteen employees, as it hired Casey Mathieson on January 14, 2008. On February 8, 2008, MiraCorp hired Joe Risk. After adjusting for the loss of Dimitt, plaintiff's evidence suggests that MiraCorp employed

fifteen employees in February, March, and April 2008.[19]  Linda Goebel states that Vickie Hersh separated from her employment on April 9, 2008, yet she is listed on the payroll through the April 23, 2008 pay period.  Therefore, viewing the evidence in the light most favorable to plaintiff, the evidence shows the fifteen employee minimum was met for these weeks (thirteen weeks).

The May 7, 2008 payroll record shows MiraCorp employed fourteen employees, as Vickie Hersh was no longer being compensated, consistent with Linda Goebel's affidavit.  However, the May 21, 2008 payroll record shows that Hersh was compensated for commissions.  Viewing the evidence in the light most favorable to plaintiff, there is a genuine issue of material fact about whether Hersh was an employee prior to the June 4, 2008 pay period, after which she was not compensated.  Counting Hersh, MiraCorp employed at least fifteen employees during each of the May 2008 pay periods (four weeks).

Plaintiff's evidence suggests that MiraCorp employed thirteen employees during the June pay periods (four weeks).  This is consistent with Linda Goebel's statement that employee Joe Risk separated from employment on May 9, 2008.

On June 23, 2010, MiraCorp hired employee Randy Gunlock, who is reflected for the first time on the July 2, 2008 pay period.  All three July pay periods also reflect payment to Amy Goebel.  The addition of both of these employees increases MiraCorp's total employees to fifteen for the three pay periods in July (six weeks).  By the end of July, when viewed in the light most favorable to plaintiff, MiraCorp employed at least fifteen employees for twenty-three

---

[19]It is uncontroverted that MiraCorp employed fifteen employees during the weeks February 11, 2008 through March 31, 2008.

weeks in 2008.

Plaintiff has fulfilled her summary judgment burden of coming forward with evidence that shows a genuine issue of material fact for trial on the issue of whether MiraCorp is an "employer" under Title VII. Plaintiff fails to establish a genuine issue of material fact that MiraCorp employed less than the requisite fifteen employees in 2007. However, plaintiff has submitted payroll records that indicate MiraCorp employed "at least fifteen employees for each working day in each of twenty or more calendar weeks" in 2008. Accordingly, a reasonable jury could conclude under the payroll test that Miracorp is an "employer" under Title VII.

Under Title VII, an "employee" "means an individual employed by an employer."[20] Defendants maintain that plaintiff is not an "employee" under Title VII because defendant is not an "employer." Because the Court has concluded that there is a genuine issue of material fact about whether MiraCorp meets the statutory definition of "employer," defendant's argument must fail. Likewise, the Court may not decline to exercise supplemental jurisdiction over the state law claims in this case, as it denies defendant's motion for summary judgment on the federal claims.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants MiraCorp, Inc. and Lane Goebel's Motion for Summary Judgment (Doc. 60) is **denied**.

**IT IS SO ORDERED**.

Dated: January 4, 2011                      S/ Julie A. Robinson
                                                           JULIE A. ROBINSON
                                                           UNITED STATES DISTRICT JUDGE

---

[20] 42 U.S.C. § 2000e(f).