ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY WALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-2112-JAR |
| | ) |
| MIRACORP, INC. d/b/a/ NATIONAL TRUCK AND TRAILER SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is defendants' Motion for Reconsideration (Doc. 77) of this Court's January 4, 2011 Memorandum and Order denying defendants' motion for summary judgment (Doc. 76). Plaintiff has responded to the motion and the Court is prepared to rule. As explained more fully below, defendants' motion is denied.

**I.      Background**

Defendants filed their Motion for Summary Judgment in this matter on July 2, 2010 (Doc. 60) and plaintiff timely responded on July 22, 2010 (Doc. 66). Defendants filed a reply brief on August 12, 2010, twenty-one days after the response was filed. Plaintiff filed a motion to strike the reply as untimely because the reply deadline was fourteen days after service of the response. Defendants responded that the Court should find excusable neglect and allow the untimely-filed reply because counsel relied upon the twenty-three-day reply deadline set forth in a previous version of the local rule for this District. The Court found that defendants' stated reason for failing to file a timely reply to the summary judgment motion—counsel's mistake in

apprising himself of the local rule amendment that became effective on March 17, 2010—did not constitute excusable neglect.[1] "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for the purposes of Rule 6(b)."[2] Accordingly, the Court granted plaintiff's motion to strike the reply on August 19, 2010. Defendants did not file a motion to reconsider that decision.

On January 4, 2011, this Court denied defendants' motion for summary judgment, which was based entirely on the argument that MiraCorp did not meet the statutory definition of "employer" under Title VII. In responding to the motion, plaintiff argued that more than fifteen employees were on MiraCorp's payroll during the relevant timeframe, creating a genuine issue of material fact about whether defendants were "employers." The Court did not consider defendants' reply, as it had been stricken, and denied summary judgment on the basis that a genuine issue of material fact exists about whether MiraCorp employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the relevant timeframe.[3]

Now, for the first time, defendants point the Court to a related case before Judge Lungstrum, *Kara Ratzlaff v. MiraCorp and Lane Goebel*, Case No. 09-2133-JWL. These cases were not consolidated. Kara Ratzlaff was terminated on the same day by the same employer as the plaintiff in this matter. In *Ratzlaff*, defendants similarly moved for summary judgment on the

---

[1] Defendants incorrectly altered a direct quotation from this Court's order granting the motion to strike, stating that the rule was amended in "September 2000." (Doc. 78 ¶ 3.) In fact, as the Court explained in that order, the rule became effective March 17, 2010, months before defendant filed its motion for summary judgment.

[2] *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

[3] *See* 42 U.S.C. § 2000e(b).

2

basis that MiraCorp is not an "employer" under Title VII. Also, in that case defendants mistakenly filed their reply out of time and plaintiff filed a motion to strike. In a September 21, 2010 Memorandum and Order, Judge Lungstrum granted defendants' motion for summary judgment and, in the same order, summarily denied the motion to strike and granted the motion to file the reply out of time. Therefore, Judge Lungstrum considered defendants' reply and exhibits attached thereto.

**II.     Standards**

D. Kan. Rule 7.3(a) allows a party to seek reconsideration of a dispositive order under Rule 59(e) or 60. A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[4] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[5]

By contrast, Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[6] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have

---

[4]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[5]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[6]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

3

> been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[7]

Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[8]

## III. Discussion

Defendants are unable to establish that reconsideration is warranted under the above standards. Defendants argue that the Court "failed to accurately analyze the dates of Amy Goebel/Morrow's employment," referencing arguments that were made in the reply brief and evidence attached thereto. But this Court was left to consider defendants' motion for summary judgment based only on the arguments and evidence submitted on the motion itself and the response. The reply was stricken; therefore, this Court did not and could not consider it.

Defendants suggest that res judicata or law of the case somehow binds this Court to reach the same conclusion reached by Judge Lungstrum in *Ratzlaff*. Of course, res judicata has no application here because this case involves a different plaintiff.[9] Moreover, Judge Lungstrum had before him evidence and arguments that this Court could not consider because the reply was

---

[7]Fed. R. Civ. P. 60(b).

[8]*Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

[9]*See, e.g.*, *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002).

4

stricken in this case; whereas, it was not in the *Ratzlaff* case. Likewise, law of the case has no application here.[10] Defendant quotes a case that refers to the law of the case doctrine as an "amorphous concept,"[11] but fails to acknowledge the clear requirement that the binding adjudication be made in the same case in order for the doctrine to apply.[12]

Perhaps recognizing the error of its suggestion that the law of the case doctrine applies, defendant next argues that principles of judicial comity compel this Court to recognize Judge Lungstrum's decision as a "controlling jurisdictional fact." First, defendant is mistaken that the issue of whether MiraCorp is an "employer" under Title VII is jurisdictional. As the Court stated in its January 4, 2011 Memorandum and Order, this issue is not jurisdictional, it is an element of plaintiff's claim for relief.[13] Second, the Court cannot be bound by a decision that was based on evidence not before the Court in the instant matter. Significantly, defendant moves for reconsideration of the summary judgment order in this case, it did not move for reconsideration of the Court's August 2010 order granting plaintiff's motion to strike the reply. That order is law of the case and this Court will not allow defendant to circumvent that ruling by attaching the reply exhibits to its instant motion for reconsideration.

Just like any other element of plaintiff's claim, she must present evidence at trial that would allow a reasonable trier of fact to find that MiraCorp is an employer. Defendant posits the following question in its motion: "Can plaintiff survive a directed verdict if she fails to establish

---

[10]*See, e.g.*, *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) (explaining the law of the case doctrine: "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

[11]*Arizona v. California*, 460 U.S. 615, 618 (1983).

[12]*Id.*

[13]*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504, 516 (2006).

5

her jurisdictional requirement of proving if [sic] Miracorp employed 15 employees during the requisite 20 calendar weeks in the current or preceding calendar year as required by 42 U.S.C. § 2000e(b)?" The impact of defendants' failure to timely submit a reply memorandum is that this issue must now be decided by either a jury, or the Court under Rule 50(a) after defendants submit the appropriate evidence at trial. At that time, the Court would presumably have before it the same evidence presented to Judge Lungstrum on summary judgment in the *Ratzlaff* matter and would apply the standard for determining whether judgment as a matter of law is appropriate.[14]

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Reconsideration (Doc. 77) is **denied**.

**IT IS SO ORDERED.**

Dated: February 3, 2011

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[14] *See Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000).