ams

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **AMY WALLS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 09-2112-JAR |
| | ) |
| **MIRACORP, INC. d/b/a/ NATIONAL TRUCK AND TRAILER SERVICES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This case proceeded to trial on March 1, 2011. On April 29, 2011, an Amended Judgment was entered in favor of plaintiff Amy Walls on the jury's verdict and the Court's order on punitive damages, in the total amount $2,398,000 against defendant MiraCorp, Inc. and $250,000 against Lane Goebel.[1] This matter is before the Court on defendants MiraCorp, Inc. and Lane Goebel's Motion to Stay Enforcement of Judgment (Doc. 169). Defendants request the Court to enter an order staying enforcement of the judgment pending resolution of the post-trial motions. Defendants ask the Court to grant the stay without requiring either defendant to post a bond and instead, allow them to post an irrevocable letter of credit from a federally insured banking institution payable to plaintiff and her attorneys in the amount of plaintiff's judgment plus ten percent. Plaintiff has responded and opposes the motion. She asks that the Court require a supersedeas bond or irrevocable letter of credit in the amount of 125% of the judgment.

---
[1]The judgment against defendant Goebel is joint and several.

The Court is authorized pursuant to Fed. R. Civ. P. 62(d) to stay the execution of a judgment pending disposition of post-trial motions. That rule states, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of [specified post-trial motions]." In Rule 62(b), the conditional "may" applies to the Court's discretion of issuing the stay, not the requirement of the appropriate security. While the Court must consider "adequate terms" for plaintiffs' security in granting the stay, it appears that the appropriate terms need not necessarily include a supersedeas bond. That is, it is within the Court's discretion to determine whether a supersedeas bond is required to protect plaintiff's interests.[2]

Defendants argue that a letter of credit is sufficient under the circumstances, citing the evidence presented at the punitive damages hearing that shows MiraCorp Inc.'s gross profits exceed the judgment. Plaintiff does not oppose a stay of enforcement of the judgment, provided that defendants post a supersedeas bond or letter of credit in the amount of 125% of the total judgment, citing D. Kan. Rule 62.2. Plaintiff asks that defendants present the Court with an irrevocable letter of credit in the amount of 125% of the amount of the total judgment from a federally insured financial institution that is adequately capitalized and stable to fund the letter of credit at the appropriate time. Plaintiff states that the letter of credit must have adequate terms and conditions with regard to when the issuing party shall pay to plaintiff the amount due.

After considering the submissions of the parties, the Court concludes that in order to preserve the status quo and safeguard plaintiff's interest in her judgment, an irrevocable letter of credit in the amount of $2,637,800 is adequate (110% of the judgment), provided that it is first

---

[2] *See Am. Family Mut. Ins. Co. v. Miell*, No. C04-0142, 2008 WL 746604, at *2 (N.D. Iowa Mar. 19, 2008).

presented to the Court for approval of the terms and conditions upon which the letter of credit will pay. In so ruling, the Court notes that the risk of adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal; that is, the post-trial motions will generally be resolved in far less time than an appeal and, therefore, the risk to plaintiff's security is diminished. After considering all these facts and circumstances, the Court concludes that a stay of enforcement may be granted, conditioned upon defendants posting an irrevocable letter of credit in the amount of $2,637,800 pending disposition of the pending post-trial motions. The Court finds that the letter of credit will provide adequate security to plaintiff pending resolution of the post-trial motions, as it will cover the amount of the judgment, plus interest and costs. In so ruling, the Court makes no judgment at this time regarding what bond may be appropriate to obtain a stay pending any appeal.[3] The Court will entertain a renewed motion by defendant if the Court denies defendants' post trial motions and defendants file a notice of appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants MiraCorp, Inc. and Lane Goebel's Motion to Stay Enforcement of Judgment (Doc. 169) is **granted in part and denied in part**. Enforcement of the judgment is hereby stayed pending disposition of the parties' post-trial motions subject to the Court's approval of an irrevocable letter of credit. **Defendants shall submit the irrevocable letter of credit in the amount of $2,637,800 to the Court for approval by Friday, June 24, 2011.** Defendants' motion to stay enforcement of the judgment pending appeal is denied without prejudice.

Dated: June 16, 2011

---

[3] *See* Fed. R. Civ. P. 62(d) (providing for an appeal bond "if an appeal is taken . . . upon or after filing the notice of appeal or after obtaining the order allowing the appeal."); D. Kan. R. 62.2.

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE